IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Mutual Bank, <br><br> Plaintiff, <br> v. <br><br> AMRISH MAHAJAN, ARUN VELUCHAMY, ANU VELUCHAMY, STEVEN LAKNER, RONALD TUCEK, PATRICK MCCARTHY, PAUL PAPPAGEORGE, RICHARD BARTH, THOMAS PACOCHA, JAMES REGAS, and REGAS, FREZADOS & DALLAS LLP, <br><br> Defendants. | Case No. 11-cv- 7590 <br><br> JURY DEMANDED <br><br> Judge Virginia Kendall |

## DEFENDANT RICHARD BARTH'S
## MOTION TO DISMISS THE COMPLAINT

Pursuant to Federal Rule of Civil Procedures 8 and 12(b)(6), defendant Richard Barth respectfully moves to dismiss the FDIC's Complaint for failure to state a claim. The grounds supporting this motion are set forth below and in the accompanying memorandum.

1. The FDIC purports to allege claims for gross negligence (Count I), negligence (Count III) and breach of fiduciary duty (Count II) against former directors and officers of Mutual Bank, including one of its former loan officers, Richard Barth.

2. None of the FDIC's claims against Barth is pled sufficiently to overcome the business judgment rule.

1

3. The gross negligence claim should be dismissed because the allegations of the Complaint fail to support a plausible inference that Barth's conduct was an extreme departure from due care.

4. Neither the common law negligence nor breach of fiduciary duty claim supports a plausible inference of actionable conduct.

5. The negligence and breach of fiduciary duty claims are also duplicative and Count III should be dismissed for that independent reason.

6. The FDIC assumed control over Mutual Bank and all of its books and records when it became Receiver upon the closing of the Bank on July 31, 2009. Nonetheless, the FDIC is unable to plead sufficient facts that set forth a plausible inference of liability against Defendant Barth and others pursuant to *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). Accordingly, Defendant Barth respectfully requests that the Complaint be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, defendant Richard Barth respectfully requests that the Court dismiss the FDIC's Complaint with prejudice.

Dated: January 18, 2012        Respectfully submitted,

/s/ Nancy A. Temple

John M. George, Jr.
Nancy A. Temple
KATTEN & TEMPLE LLP
542 S. Dearborn St., Suite 1060
Chicago, Illinois 60605
312-663-0800
312-663-0900 (fax)

Counsel for Defendant Richard Barth

2