IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Mutual Bank, <br><br> Plaintiff, <br><br> v. <br><br> AMRISH MAHAJAN, ARUN VELUCHAMY, ANU VELUCHAMY, STEVEN LAKNER, RONALD TUCEK, PATRICK MCCARTHY, PAUL PAPPAGEORGE, RICHARD BARTH, THOMAS PACOCHA, JAMES REGAS, and REGAS, FREZADOS & DALLAS LLP, <br><br> Defendants. | Case No. 11-cv- 7590 <br><br> JURY DEMANDED <br><br> Judge Virginia Kendall |

**DEFENDANT RICHARD BARTH'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION TO DISMISS**

Defendant Richard Barth is a former loan officer of Mutual Bank who worked for the Bank from 2006 to 2009. Barth incorporates and joins in the motion to dismiss and brief submitted by defendant James Regas, including the background facts and the legal arguments that the Complaint does not state a claim for breach of fiduciary duty under the business judgment rule and the federal pleading standards (pp. 1-18), and the negligence claims are duplicative (p. 21). Because Barth was an officer and not a director and because his alleged role with respect to the loss loans is different, Barth sets forth the arguments unique to him in this brief.

1

## ARGUMENT

**I.   The Complaint Fails to State Breach of Fiduciary Duty and Negligence Claims Against Barth.**

The Complaint alleges generally that Barth was a member of the Senior Officers Loan Committee ("SOLC") and voted to approve six loans that later resulted in losses to Mutual. (Cmplt. ¶22) The FDIC does not allege that Barth set any loan policies or violated any loan policy or FDIC regulation with respect to any specific loan. (*See* Cmplt. ¶¶28-33.) Nor does the FDIC allege that Barth received any examination report. To the contrary, the FDIC alleges that the examination reports were addressed and delivered to Mutual's board of directors (Cmplt. ¶¶39, 42, 46)

The Complaint alleges that Barth voted to approve the Shubh Hotels Detroit, Muer Management, Shubh Hotels Boca, Lite View Unlimited, Standard Property Development and ANZ Enterprises loans. (Cmplt. ¶57) The amount of each of those loans, however, exceeded the SOLC's $1million lending authority of $1 million, so that the Barth and other members of the SOLC did not cause those loans to be made. Indeed, the FDIC fails to explain how Barth's alleged vote caused any specific loan loss.

More importantly, the Complaint fails to identify the facts that were known or knowable to Barth at the relevant times and what he should have done in response.

The Complaint does not satisfy the business judgment rule, which applies to officers as well as to directors. *Selcke v. Bove,* 629 N.E.2d 747, 750 (Ill. App. Ct.

1994). *See* Regas Mem. in Support of Mot. to Dismiss, pp. 4-8 ("Regas Mem."). The FDIC never alleges that any particular loan decision by Barth was not made in good faith at the time of the decision. Absent allegations of bad faith or self-dealing, he FDIC fails to overcome the business judgment rule and to state a claim against Barth. *See Stamp v. Touche Ross & Co.*, 636 N.E.2d 616, 621-22 (Ill. App. Ct. 1993).

The FDIC alleges four categories of allegations against the Defendants generally: (1) approval of loans that later resulted in alleged losses; (2) oversight failure; (3) failure to heed alleged warnings from regulators; and (4) approval of certain compensation and dividends. As an officer, the allegations for the second, third and fourth categories do not apply to Barth. In the first category, only the six identified loans are at issue. These allegations, however, do not adequately plead that Barth acted negligently in any way.

*The Complaint Lacks Sufficient Allegations that Barth Knew During the Loan Approval Process that each Loss Loan was Doomed to Fail or that Barth's Approval Caused any Loss.*

Notably, the Complaint is remarkable for what is absent from the FDIC's allegations. The FDIC fails to identify which issues allegedly existed for any specific loan at the time of origination. The result is meaningless boilerplate that neither gives any Defendant, let alone Barth, fair notice of the claims against them nor supports a plausible inference that they were negligent in approving these loans. (Regas Mem., pp. 9-18) A review of the additional allegations regarding the six loans confirms that those allegations do not state a negligence claim as to Barth.

3

Muer Management. The Complaint alleges that the property securing the loan was subject to liens but makes no allegations regarding the amount of the liens or the appraised value of the property, which could be more than enough to justify a loan. (Cmplt. ¶63(a)) The Complaint alleges that unspecified "Defendants" failed to do prudent underwriting because the loan file was later found to be missing an analysis of the borrowers' or guarantors' ability to repay the loan, but that allegation does not establish that no analysis was performed, that Barth knew or should have known such facts, or that the borrowers or guarantors were unable to repay the loan at the time the decision was made. (Id. ¶63(b)) As for the timing of the formal loan approval and funding process (id. ¶63(c)), the Complaint fails to allege facts as to Barth and his purported role in the funding, or how the timing caused any loss to the Bank. The Complaint further alleges that the loan was made despite unspecified regulatory warnings that the Complaint acknowledges were delivered to the board, not to any officer. (Id. ¶63(d)) The FDIC also alleges that the loan was made after the market declined and collateral values generally had plummeted, but again there are no facts alleged as to Barth's knowledge of the alleged collateral value declines in connection with this particular loan. (Id. ¶63(e); see also id. ¶¶67(h), 71 (e))

Shubh Hotels Boca and Shubh Hotels Detroit. The Complaint lacks any facts regarding Barth's knowledge or role in connection with these two loans, other than an alleged approval by the SOLC. (Cmplt. ¶¶66-71) Allegations regarding the use of interest reserves do not in and of themselves allege anything regarding due care.

4

(Regas Mem., pp. 14-15; Cmplt. ¶67(a)) The alleged failure by unspecified persons to monitor and supervise the loan does not allege any negligence by Barth, and does not establish how Barth's alleged approval caused the subsequent loss that resulted from a borrower's fraud after the loan was approved. (*Id.* ¶67(e)) Nor does the FDIC explain how the subsequent loan extensions caused the Bank any loss. (*Id.* ¶67(g))

Lite View Unlimited, LLC. As for this $1.7 million loan, the FDIC does not allege any facts with respect to Barth. The FDIC fails to allege that Barth knew or should have known that a guarantor was incarcerated, or that Barth was at the closing or had any such responsibilities. (Cmplt. ¶79(b)) The FDIC also complains that the borrower defaulted without any reference to any date of default and that no effort was made to pursue the guarantors, but does not allege that Barth, as a loan officer, was aware of the default or had any responsibility to pursue the guarantors. (Cmplt. ¶80)

Standard Property Development. The Complaint fails to allege that Barth had any knowledge of the alleged loan deficiencies at the time of loan approval or any responsibility for ensuring, after approval, that funds were used in a certain way. (Cmplt. ¶89)

ANZ Enterprises. The Complaint does not allege that Barth knew about any alleged forgery in connection with the loan guarantees at any time. Nor does the Complaint explain how Barth's loan approval proximately caused the Bank losses from the subsequent guarantor forgery in the absence of allegations that he knew at

5

the time of approval that the guarantors were fictitious and would submit forged documents. (Cmplt. ¶94)

The FDIC has had Mutual's records since July 2009 and ample opportunity to question Barth regarding his limited role as a loan officer. The FDIC fails to allege sufficient facts specifying how Barth was negligent in connection with the six loss loans. In addition, the FDIC fails to allege facts overcoming the business judgment rule presumption with respect to Barth.

## CONCLUSION

For the foregoing reasons, defendant Richard Barth respectfully requests that the Court dismiss the FDIC's Complaint with prejudice.

Dated: January 18, 2012                    Respectfully submitted,

                                                      /s/ Nancy A. Temple

John M. George, Jr.
Nancy A. Temple
KATTEN & TEMPLE LLP
542 S. Dearborn St., Suite 1060
Chicago, Illinois 60605
312-663-0800
312-663-0900 (fax)

Counsel for Defendant
Richard Barth