IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Mutual Bank, <br><br> Plaintiff, <br> v. <br><br> AMRISH MAHAJAN, ARUN VELUCHAMY, ANU VELUCHAMY, STEVEN LAKNER, RONALD TUCEK, PATRICK MCCARTHY, PAUL PAPPAGEORGE, RICHARD BARTH, THOMAS PACOCHA, JAMES REGAS, and REGAS, FREZADOS & DALLAS LLP, <br><br> Defendants. | Case No. 11-cv- 7590 <br><br> JURY DEMANDED <br><br> Judge Virginia Kendall |

## DEFENDANT JAMES REGAS'S
## MOTION TO DISMISS THE COMPLAINT

Pursuant to Federal Rule of Civil Procedures 8 and 12(b)(6), defendant James Regas respectfully moves to dismiss the FDIC's Complaint for failure to state a claim. The grounds supporting this motion are set forth below and in the accompanying memorandum.

1. The FDIC purports to allege claims for gross negligence (Counts I and VII), negligence (Counts III and VIII) and breach of fiduciary duty (Counts II, IV, V, VI and VIII) against former directors and officers of Mutual Bank, including one of its former directors, James Regas.

2. None of the FDIC's claims against director Regas is pled sufficiently to overcome the business judgment rule.

1

3. The gross negligence claim should be dismissed because the allegations of the Complaint fail to support a plausible inference that Regas's conduct as a director was an extreme departure from due care.

4. Neither the common law negligence nor breach of fiduciary duty claim supports a plausible inference of actionable conduct.

5. The negligence and breach of fiduciary duty claims are also duplicative and Counts III and VIII should be dismissed for that independent reason.

6. The FDIC also alleges that Regas was "general counsel" for the Bank and asserts a legal malpractice claim (Count IX), a breach of fiduciary duty claim (Count X), and an aiding and abetting claim (Count XI) based upon that alleged role.

7. The FDIC's claims based on Regas's status as an attorney fail to state a claim because they fail properly to allege the scope of legal advice sought and they fail to allege that Regas's conduct proximately caused any loss to the Bank.

8. The breach of fiduciary duty claim based on Regas's status as an attorney is duplicative of the legal malpractice claim and should be dismissed.

9. The FDIC fails to state an aiding and abetting claim because it fails to allege adequately an underlying wrongdoing and it fails to allege that Regas knowingly and substantially assisted in that wrongdoing.

10. The FDIC assumed control over Mutual Bank and all of its books and records when it became Receiver upon the closing of the Bank on July 31, 2009. Nonetheless, the FDIC is unable to plead sufficient facts that set forth a plausible

inference of liability against Defendant Regas and others pursuant to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Accordingly, Defendant Regas respectfully requests that the Complaint be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, defendant James Regas respectfully requests that the Court dismiss the FDIC's Complaint with prejudice.

Dated: January 18, 2012          Respectfully submitted,

                                               /s/ Nancy A. Temple

| | |
|---|---|
| John M. George, Jr. | Michael P. Tone |
| Nancy A. Temple | Kimberly Rients-Blair |
| KATTEN & TEMPLE LLP | WILSON, ELSER, MOSKOWITZ, |
| 542 S. Dearborn St., Suite 1060 | EDELMAN & DICKER LLP |
| Chicago, Illinois 60605 | 55 W. Monroe Street, Suite 3800 |
| 312-663-0800 | Chicago, Illinois 60603 |
| 312-663-0900 (fax) | (312) 704-0550 |

Counsel for Defendant James Regas