IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE ) <br> CORPORATION AS RECEIVER FOR ) <br> MUTUAL BANK ) <br>   ) <br> Plaintiff ) <br> v.   ) <br>   ) <br> AMRISH MAHAJAN, ARUN VELUCHAMY, ) <br> ANU VELUCHAMY, STEVEN LAKNER, ) <br> RONALD TUCEK, PARTRICK McCARTHY, ) <br> PAUL PAPPAGEORGE, RICHARD BARTH, ) <br> THOMAS PACOCHA, JAMES REGAS, ) <br> REGAS, FREZADOS & DALLAS, LLP. ) <br>   ) <br> Defendants. ) | No. 11 CV 7590 |

**DEFENDANT REGAS, FREZADOS & DALLAS, LLP'S**
**MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant, Regas, Frezados & Dallas, LLP (the "Law Firm") by and through its attorneys, Newton Marshall and Edward Fitzsimmons Dunne, submits the follow memorandum in support of its motion to dismiss.

**FACTUAL ALLEGATIONS**

This lawsuit arises out of the failure of Mutual Bank (the "Bank"). (*See* Cmplt.) Through this complaint, the FDIC seeks to recover monies for certain losses sustained by the Bank for issuing loans, disbursing dividends and corporate waste. (Cmplt. at ¶2) Pertinent to the allegations made against the attorney defendants, James Regas and the Law Firm, the FDIC alleges that Mr. Regas was a director of the Bank and its general counsel. (*Id.* at ¶23) The Law Firm provided the Bank with legal services from June 2003 to July 2009 which entailed "representing" the Bank in the preparation of loan documents on loans that failed. (*Id.* at ¶24)

1

More specifically, FDIC alleges that the Law Firm "facilitated" three loans which the Law Firm should have known would cause the Bank losses as the Law Firm "prepared commitment letters and loan closing documents." (Cmplt. at ¶124) Based on the preparation of the loan documents, the FDIC asserts that the Law Firm should have known of the Bank's "poor underwriting practices," the "high risk" nature of the loans and should have advised the Bank against making the loans. (*Id.* at ¶126)

The FDIC complains that the Law Firm was negligent (Count IX), breached its fiduciary duty (Count X) and aided and abetted a breach of fiduciary duty by the Bank's directors and officers (Count XI) in that the Law Firm:

1. failed to advise of the risk of the loans;
2. failed to insure there was adequate due diligence performed for the loans; and
3. failed to protect the Bank from the lending misconduct of its officers and directors in approving the loans.

(Cmplt. at ¶¶185, 191, 195)

## MOTION TO DISMISS STANDARD

In order to survive a motion to dismiss, the complaint must allege enough facts to render the claim facially plausible, not just conceivable. *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011) citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Legal conclusions and recitations of the elements are not enough, rather detail is required to "give the opposing party notice of what the case is all about and to show how… the dots should be connected." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

## ARGUMENT

I. THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR MALPRACTICE

In Illinois, to sustain a cause of action for legal malpractice, plaintiff must plead (1) an attorney-client relationship which gives rise to a duty of care, (2) a negligent act or omission that

breached that duty, (3) and that as a proximate result of the breach, the plaintiff suffered an injury in the form of actual damages. *Governmental Interinsurance Exchange v. Judge*, 221 Ill.2d 195, 199-200, 850 N.E.2d 183, 186-87 (Ill. 2006). The scope of an attorney's duty to its client is limited by its contract of engagement. *Dahlin v. Jenner & Block, LLC*, No. 01 C 1725, 2001 WL 855419 at *5(N.D. Ill. July 26, 2001). Thus, in order to properly state a claim for legal malpractice for negligently or failing to advise a client, the client must allege that the representation sought by the client included the advice that the defendant failed to give. *Dahlin*, 2001 WL 855419 at *5.

Other than the conclusory allegation that Mr. Regas was the Bank's general counsel, the complaint is devoid of any allegations that the Law Firm was engaged to provide any advice relative to underwriting or due diligence performed by the Bank on the loans in question. The only averment which relates to the Law Firm's scope is that it prepared the loan documentation.

In fact, as the FDIC admits in its complaint, all loan underwriting and loan approval was performed by the Bank without the assistance or input by the Law Firm. (Cmplt. at ¶¶31-32, 35-36, 57-58) *see also Metrick v. Chatz*, 266 Ill.App.3d 649, 655, 639 N.E.2d 198, 202 (Ill. App. Ct. 1994)(Liability for failure to advise is "predicated upon the client's exposure to a risk that the client did not knowingly and voluntarily assume"). Consequently, the FDIC's claims that the Law Firm failed to advise the Bank should be dismissed with prejudice. *Dahlin*, 2001 WL 855419 at *8 (Holding that allegations of complaint negated claims of malpractice against defendant attorney).

Further, the FDIC fails to allege that the loan documentation services provided by the Law Firm were negligently performed. (*See* Cmplt.) Indeed, absent from the complaint are any facts

that can be read to infer that the loan documentation provided by the Law Firm were somehow deficient or unenforceable.

Lastly, there are no allegations that the loan documentation provided by the Law Firm caused the Bank any damages. *Claire Associates v. Pontikes*, 151 Ill. App. 3d 116, 122, 502 N.E.2d 1186, 1190 (Ill. App. Ct. 1986)(Legal malpractice claims require plaintiff to plead damages or "but for" the attorney's negligence, the loan would have been successful). Rather, the damages sought by the FDIC are premised on the Bank's underwriting and due diligence processes which, the FDIC admits was a bank function, not the Law Firm's. (Cmplt. at ¶¶31-32, 35-36, 57-58)

## II. THE MALPRACTICE CLAIM IS DUPLICATIVE OF THE BREACH OF FIDUCIARY DUTY CLAIM.

As set forth in Mr. Regas' memorandum in support of his motion to dismiss, the breach of fiduciary duty count is duplicative of the malpractice count and should be dismissed. (Regas Memorandum at pp. 21-22) *see gen, Dahlin*, 2001 WL 855419 at *10; *Metrick*, 266 Ill. App. 3d at 656, 693 N.E.2d at 203.

## III. COUNT XI FAILS TO STATE A CLAIM FOR AIDING AND ABETTING

In addition to the reasons set forth in Mr. Regas' memorandum supporting dismissal of Count XI, it should be noted that there are no allegations that the Law Firm knowingly and substantially assisted in the alleged breach of fiduciary duty by the Bank's directors and officers. (Regas Memorandum at p. 25); *See Thornwood, Inc. v. Jenner & Block*, 344 Ill. App.3d 15, 27-28, 799 N.E.2d 756, 765 (Ill. App. Ct. 2003)(Setting forth the elements of an aiding and abetting claim in Illinois). The complaint complains of what the Law Firm should have known, not what it knew and further, contains no allegations of what the Law Firm's possible motives where for aiding and abetting the purported breach of fiduciary duty. For these additional reasons, Count XI should be dismissed.

**CONCLUSION**

For all of the foregoing reasons, the Law Firm respectfully requests that the Court dismiss Counts IX, X and XI of the Complaint.

                                            Respectfully submitted,
                                            REGAS, FREZADOS & DALLAS, LLP.

                                            By: /s/ Edward F. Dunne
                                                One of its attorneys

Newton C. Marshall (ARDC No. 6209427)
Edward F. Dunne (ARDC No. 6224845)
Karbal, Cohen, Economou, Silk & Dunne,
LLC 150 S. Wacker Drive, Suite 1700
Chicago, IL 60606
312.431.3700
nmarshall@karballaw.com
efdunne@karballaw.com