IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR MUTUAL BANK <br><br> Plaintiff <br> v. <br><br> AMRISH MAHAJAN, ARUN VELUCHAMY, ANU VELUCHAMY, STEVEN LAKNER, RONALD TUCEK, PARTRICK McCARTHY, PAUL PAPPAGEORGE, RICHARD BARTH, THOMAS PACOCHA, JAMES REGAS, REGAS, FREZADOS & DALLAS, LLP. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 11 CV 7590 |

## DEFENDANT REGAS, FREZADOS & DALLAS, LLP'S
## REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Defendant, Regas, Frezados & Dallas, LLP (the "Law Firm") by and through its attorneys, Newton Marshall and Edward Fitzsimmons Dunne, submits the following as its reply in support of its motion to dismiss.

## INTRODUCTION

The FDIC contends that the Law Firm was engaged by Mutual Bank (the "Bank") to prepare loan documentation for various loans were defaulted. As it admits in its reply, the FDIC failed to plead how the preparation of the loan documentation was negligent. For this reason alone, the FDIC's complaint should be dismissed.

Rather, because it is undisputed that the Law Firm was not negligent in is representation of the Bank in memorializing certain loans, the FDIC attempts to expand the scope of the Law Firm's retention to that of "general counsel." This allegation, however, is a mere legal conclusion that does not support the FDIC's claim that the Law Firm failed to advise the Bank of

1

its substandard underwriting and loan approval processes. These processes were admittedly internal Bank functions for which the Law Firm was not engaged.

## ARGUMENT

I. **THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR MALPRACTICE IN FAILING TO ADVISE THE BANK**

Throughout the FDIC's complaint, it alleges that the Law Firm was retained for the purposes of documenting various loans underwritten and approved by the Bank. As admitted by the FDIC, the Law Firm properly documented the loans and thus, dismissal of the complaint is appropriate insofar as the FDIC seeks to hold the Law Firm liable in this regard.

Now, the FDIC argues that the complaint states a claim against the Law Firm for failing to advise the Bank of the risks associated with certain loans and making improper distributions. (Resp., pp. 23-24) The glaring absence in the complaint is the lack of any allegations that the Law Firm was retained by the Bank to advise it on whether the loans were adequately underwritten (which was admittedly a Bank function) or whether the Bank's payment of dividends were appropriate. *Dahlin v. Jenner & Block, LLC*, No. 01 C 1725, 2001 WL 855419 at *5(N.D. Ill. July 26, 2001). In order to properly state a claim for legal malpractice for negligently or failing to advise a client, the client must allege that the representation sought by the client included the advice that the defendant failed to give; if the plaintiff fails to plead these facts, dismissal with prejudice is appropriate. *Dahlin*, 2001 WL 855419 at *5.

The mere conclusory allegation that the Law Firm was "general counsel" does not suffice.[1] First, this allegation is premised on the concept that James Regas, whose brother Peter was a name partner in the Law Firm, was the Bank's general counsel. (Cmplt., ¶23) However,

---

[1] Legal conclusions and recitations of the elements are not enough, rather detail is required to "give the opposing party notice of what the case is all about and to show how... the dots should be connected." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

2

there are no allegations that establish that James Regas was a partner of the Law Firm to support the unfounded inference that the Law Firm (via James Regas' partnership position) was general counsel to the Bank.

Second, other than documenting the loans, there are no allegations of what the Law Firm knew about or how it became aware of the Bank's underwriting practices. Rather, the FDIC simply alleges that James Regas had knowledge and thus, the Law Firm did to. This is assertion is again, premised on the unpled assumption that James Regas was a partner of the Law Firm.

None of the cases cited by the FDIC support the contention that the FDIC does not have to adequately plead the scope of the Law Firm's retention by the Bank to state a claim for malpractice. In both *FDIC v. Martin*, 801 F.Supp. 617-619 (M.D. Fla. 1992) and *Resolution Trust Corp. v. Minor*, No. 92-2658, 1994 U.S. Dist. LEXIS 7453 *1, *2 (E.D. La. May 31, 1994), the court denied summary judgment finding that evidence of the attorney's retention as general counsel for the bank and the attorney's intimate involvement in the generation of the loans in question created a question of fact for the jury. Here, other than the unsupported allegation that the Law Firm was general counsel, there are no facts alleged that the Law Firm was involved in generation or underwriting of the loans by the Bank.

The FDIC also relies on *FDIC v. Wise*, 758 F.Supp. 1414 (D. Colo. 1991), where the court denied the attorney defendants' motion to dismiss plaintiff's failure to advise and failure to investigate claims based on plaintiff's allegations that that the attorneys were hired to counsel the bank on each and every matter discussed in the complaint. *Wise*, 758 F.Supp. at 1419 *Wise* is inapposite. Here, the FDIC specifically asserts that the Law Firm was retained only to document the loans, not that the Law Firm was retained to give counsel on underwriting, loan approval and dividend payments.

3

Distilled to its essence, the FDIC is attempting to hold the Law Firm responsible for the Bank's decision to enter into various loans that the Bank underwrote, vetted and approved as part of its business plan to be the "lender of last resort for failed real estate projects." (Cmplt. ¶60) The FDIC cannot rewrite history by attempting to hold the Law Firm liable for its purported failure to advise the Bank when the Bank knowingly and voluntarily assumed the risk of the subject loans. *Metrick v. Chatz*, 266 Ill.App.3d 649, 655, 639 N.E.2d 198, 202 (Ill. App. Ct. 1994)(Liability for failure to advise is "predicated upon the client's exposure to a risk that the client did not knowingly and voluntarily assume").

For all of the foregoing reasons, the FDIC's claims that the Law Firm failed to advise the Bank should be dismissed with prejudice. *Dahlin*, 2001 WL 855419 at *8 (Holding that allegations of complaint negated claims of malpractice against defendant attorney).

## II. THE BREACH OF FIDUCIARY DUTY CLAIM (COUNT X) MUST BE DISMISSED.

In response to the Law Firm's motion to dismiss the breach of fiduciary duty claim as duplicative of the malpractice count, the FDIC argues that the breach of fiduciary duty claim seeks an additional $10 million in damages that is not otherwise accounted for in its malpractice claim. (Resp., p. 30) According to the FDIC, the extra $10 million sought as damages makes the breach of fiduciary duty claim substantively different from the malpractice claim. The FDIC is wrong.

In Illinois, when a breach of fiduciary duty claim is based on the same operative facts as the legal malpractice claim, and results in the same injury, the later claim should be dismissed as duplicative. *Fabricare Equipment Credit Corp. v. Bell, Boyd & Lloyd*, 328 Ill. App. 3d 784, 791, 767 N.E.2d 470, 476 (Ill. App. Ct. 2002); *Majumdar v. Lurie*, 247 Ill. App. 3d 276, 273-74, Ill. App. Ct. 1995). The FDIC's negligence claim is identical to its breach of fiduciary duty claim.

4

(*Compar*e Cmplt. at ¶158 *with* ¶185) Consequently, both counts seek compensation for the same injury and are duplicative. Count X should be dismissed. *See also Dahlin*, 2001 WL 855419 at *10.

### III. COUNT XI FAILS TO STATE A CLAIM FOR AIDING AND ABETTING

The FDIC's aiding and abetting claim is nothing more than a regurgitation of its negligence and breach of fiduciary duty claims with the added tag-line that the claimed errors by Law Firm "aided and abetted" the Directors breach of their fiduciary duties. This fails to state a claim under Illinois law for aiding and abetting.

An aiding and abetting claim requires allegations that the Law Firm knowingly engaged in conduct to further the Directors' plan to breach their fiduciary duty. *Thornwood, Inc. v. Jenner & Block*, 344 Ill. App.3d 15, 27-28, 799 N.E.2d 756, 765 (Ill. App. Ct. 2003). Absent from the complaint are any facts that give rise to the inference that the Law Firm knew that the services it provided to the Bank were in furtherance of a scheme by the Directors to breach their fiduciary duties or even that the Directors sought to breach their fiduciary duties and/or their motive for doing so. Accordingly, Count XI fails to state a claim and should be dismissed.

### CONCLUSION

For all of the foregoing reasons, the Law Firm respectfully requests that the Court dismiss Counts IX, X and XI of the Complaint.

    Respectfully submitted,
    REGAS, FREZADOS & DALLAS, LLP.

    By: /s/ Edward F. Dunne
        One of its attorneys

Newton C. Marshall (ARDC No. 6209427)
Edward F. Dunne (ARDC No. 6224845)
Karbal, Cohen, Economou, Silk & Dunne, LLC
150 S. Wacker Drive, Suite 1700
Chicago, IL 60606

312.431.3700
nmarshall@karballaw.com
efdunne@karballaw.com