IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for Mutual Bank, <br><br> Plaintiff, <br><br> v. <br><br> AMRISH MAHAJAN, ARUN VELUCHAMY, ANU VELUCHAMY, STEVEN LAKNER, RONALD TUCEK, PATRICK MCCARTHY, PAUL PAPPAGEORGE, RICHARD BARTH, THOMAS PACOCHA, JAMES REGAS, and REGAS FREZADOS & DALLAS LLP, <br><br> Defendants. | 11 C 7590 <br><br> Judge Virginia M. Kendall |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Federal Deposit Insurance Corporation, as receiver for Mutual Bank, sued the Defendants for gross negligence under the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), together with various state law claims including negligence, breach of fiduciary duty, and the wasting of corporate assets. By memorandum opinion dated February 12, 2013, this Court struck several affirmative defenses of Defendants, including the affirmative defenses of failure to mitigate and comparative fault on the part of the FDIC. Defendants move this Court to reconsider its decision or, in the alternative, certify the question for interlocutory appeal pursuant to 12 U.S.C. § 1292(b). For the reasons stated herein, Defendants' motion is denied.

**DISCUSSION**

**A. Reconsideration of the Court's Prior Ruling.**

Defendants bring this motion for reconsideration under Federal Rule of Civil Procedure 54(b), which permits courts the inherent power to reconsider interlocutory orders. Rule 54(b) of the Federal Rules of Civil Procedure provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may be revised at any time* before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." *See* Fed. R. Civ. P. 54(b) (emphasis supplied). The Court's prior order was decided on a motion to strike affirmative defenses, so it is not a judgment subject to reconsideration that falls within Federal Rule of Civil Procedure 59(e), which addresses motions to alter or amend judgments. *See* Fed. R. Civ. P. 59(e). Courts in this District have construed motions to reconsider interlocutory orders as arising under Rule 54(b) in addition to the Court's inherent authority and the common law. *See, e.g., Goldman v. Gagnard*, No. 11 C 8843, 2012 WL 2397053, *2 (N.D. Ill. Jun. 21, 2012) (citing *Ramada Franchise Sys., Inc. v. Royal Vale Hospitality of Cincinnati, Inc.*, No. 02 C 1941, 2004 WL 2966948, *3 (N.D. Ill. Nov. 24, 2004) (collecting cases)).

In addressing a motion to reconsider an interlocutory order, courts in this District have applied the standard established in *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). *See Ramada Franchise Sys.*, 2004 WL 2966948 at *3. A motion for reconsideration brought pursuant to Rule 54(b) may be granted where the Court has obviously misunderstood a party, where the Court's decision rests on grounds outside the adversarial issues

presented to the Court by the parties, where the Court has made an error not of reasoning but of apprehension, where there has been a controlling or significant change in the law since the submission of the issue to the Court, or where there has been a controlling or significant change in the facts of the case. *See, e.g., Goldman*, 2012 WL 2397053 at *2 (quoting *Ramada Franchise Sys.*, 2004 WL 2966948 at *3); *see also Bank of Waunakee*, 906 F.2d at 1191.

Motions to reconsider should be granted only in rare circumstances. *See Bank of Waunakee*, 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)) ("A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. *Such problems rarely arise and the motion to reconsider should be equally rare.*") (emphasis supplied). A party moving for reconsideration bears a heavy burden. *See Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). A motion for reconsideration is not an appropriate vehicle for relitigating arguments that the Court previously rejected or for arguing issues that could have been raised during the consideration of the motion presently under reconsideration. *See Id*. Reconsideration of an interlocutory order is committed to the sound discretion of this Court, and is reviewed very deferentially and will only be reversed upon a showing that the Court abused its discretion. *See, e.g., Finnsugar Bioproducts, Inc. v. Amalgamated Sugar Co., LLC*, 244 F. Supp. 2d 890, 891 (N.D. Ill. 2002).

Defendants' Motion to Reconsider is a case of relitigating arguments that the Court previously rejected. The Court is not unmindful of the fact that district courts have disagreed as to two points relevant to the facts of the case here: first, whether the Supreme Court's decision in *O'Melveny & Myers v. Federal Deposit Insurance Corporation*, 512 U.S. 79 (1994),

overruled the "no duty rule"; and second, whether, if it did so, the Seventh Circuit's decision *Federal Deposit Insurance Corporation v. Bierman*, 2 F.3d 1424 (7th Cir. 1993), which barred the pleading of a mitigation of damages defense against the FDIC based on the FDIC's conduct as a receiver, survives.

As noted in the previous opinion, upon review it appears that the holding of *O'Melveny* may cast the "no duty" portion of the *Bierman* holding into doubt. But the *Bierman* court also relied on the discretionary functions of the FDIC and analogized the FDIC's post-receiver activities under FIRREA to those permitted the government under the Federal Tort Claims Act (the "FTCA") and the Supreme Court's endorsement of protections for discretionary activities through its case *United States v. Gaubert*, 499 U.S. 315 (1991). Defendants urge this Court to reconsider whether that independent line of reasoning can stand without being coupled to the "no duty" reasoning that may be in doubt by *O'Melveny*.

The fact remains that *Bierman* is still the law of this circuit and this Court does not have the authority to *guess* at whether binding circuit court precedent will remain viable. The standard for failing to follow binding precedent is strict; in order to depart from appellate precedent the district court must be "powerfully convinced" that the higher court would overrule its previous decision "at the first available opportunity." *Colby v. J.C. Penny Co.*, 811 F.2d 1119, 1123 (7th Cir. 1987); *Olson v. Paine, Weber, Jackson & Curtis, Inc.* 806 F.2d 731, 734 (7th Cir. 1986) (lower court shall not go against binding precedent unless a subsequent decision makes it "almost certain" that the higher court would reverse its previous position "if given a chance to do so"). *Bierman* is directly on point with the issues presently before the Court: whether the FDIC, suing the former offers and directors of a bank now in receivership with the

FDIC as receiver, may be subjected to the affirmative defense of failure to mitigate damages. *O'Melveny* is related, but it is not exact; in addition, *Gaubert* and its progeny remain good law. The Court is not "powerfully convinced" that the relationship between *O'Melveny* and *Bierman* is so clear that this Court should go against the higher authority that binds it. As evidenced by the split among district courts on *O'Melveny*'s effect on the "no duty" rule, other courts at the district level are not powerfully convinced either. *See* Feb. 12, 2013 Mem. Op. at 9 (collecting cases). As binding circuit precedent exists on precisely the issue now before the Court, the Court declines to reconsider its decision to rely upon it and strike the affirmative defenses of failure to mitigate and comparative fault.

## B. Certification for Interlocutory Appeal.

A district court order not otherwise appealable may be reviewed by the Court of Appeals in those cases where there exists 'a controlling question of law as to which there is substantial ground for difference of opinion and [where] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The district court may certify an order for interlocutory appeal at its discretion, if a request for review of this kind has been brought within a reasonable time following the entrance of the order. *Id.*; *see also Richardson Elecs., Ltd. v. Panach Broad. of Pennsylvania, Inc.*, 202 F.3d 957, 958 (7th Cir. 2000). In order for a district court to certify a question for interlocutory appeal under 28 U.S.C. § 1292(b), "there must be a question of *law*, it must be *controlling*, it must be *contested*, and its resolution must promise to *speed up* the litigation." Ahrenholz v. Board of Trustees of the Univ. of Ill., 219 F.3d 674, 675 (7th Cir.2000) (emphasis in original); see 28 U.S.C. § 1292(b). The promise to speed up the litigation does not require that the interlocutory appeal resolve the

matter in its entirety; it is sufficient that an interlocutory appeal would remove uncertainty about the status of a claim that might delay settlement or resolution. *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535 (7th Cir. 2012). The Seventh Circuit has instructed district courts not to certify interlocutory orders under § 1292(b) "[u]nless *all* these criteria are satisfied...." *Ahrenholz*, 219 F.3d at 676 (emphasis in original). Doing so without satisfying all criteria "is merely to waste [the appellate court's] time and delay the litigation in the district court, since the proceeding in that court normally grinds to a halt as soon as the judge certifies an order in the case for an immediate appeal." *Id.*

Defendants do not cite any current authority from this Circuit in support of their request that this Court certify this issue for interlocutory appeal. The question of *Bierman's* viability in light of *O'Melveny*, and its corresponding effect upon the affirmative defenses of mitigation and comparative fault, meets the first two criteria but fails to satisfy the third and fourth. Therefore, the certification request must be denied.

The question of whether the defendants may plead the affirmative defense of mitigation of damages is a purely legal question, dependent upon a resolution of whether *Bierman* has been invalidated by *O'Melveny*. The interaction of *Bierman* and *O'Melveny* presents an "abstract issue of law ... suitable for determination by an appellate court without a trial record." *Ahrenholz*, 219 F.3d at 676. Defendants have therefore presented a "question of law" within the meaning of § 1292(b).

A question of law is controlling "if its resolution is quite likely to affect the further course of litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). The ruling at issue strikes out only

two of several affirmative defenses that Defendants have pleaded, such that the case will proceed in most respects regardless of the ultimate resolution of these two affirmative defenses. But rulings that have substantially reduced the amount of damages a plaintiff could have recovered have been held by other district courts to present controlling issues. *See, e.g., Hollinger Intern. Inc. v. Hollinger, Inc.*, No. 04 C 698, 2005 WL 327058, *2 (N.D. Ill. Feb. 3, 2005) (ruling that reduced liability by two thirds constituted a controlling question); *In re Brand Name Prescription Drugs Antitrust Lit.*, , No. 94 C 897, 1998 WL 808992, *5 (N.D. Ill. Nov. 17, 1998) (in orders disposing of a large percentage of recoverable damages, "the proper measure of damages is always a controlling question of law."). This case presents the reverse scenario from these prior cases since this Court's ruling reduces potential limitations on plaintiff's damages rather than reducing the availability of such damages. The bar of these affirmative defenses unquestionably changes the measure of damages overall, such that the degree of the impact on the litigation is similar. Therefore, for purposes of this analysis, the viability of these two affirmative defenses should be considered a controlling question.

But the third factor has not been satisfied. Courts have differed as to the degree of "contest" required to make an issue "contestable" under § 1292(b). *Compare City of Joliet v. Mid-City National Bank*, No. 05 C 6746, 2008 WL 4889038, *2 (N.D. Ill. June 13, 2008) (an issue is "contestable" for purposes of § 1292(b) if there is a "difficult central question of law which is not settled by controlling authority" and a "substantial likelihood exists that the district court's ruling will be reversed on appeal") (quoting *In re Brand Name Drugs*, 878 F. Supp. 1078, 1081 (N.D. Ill. 1995)) *with Marshall v. Amsted Rail Co., Inc.*, No. 10 C 011, 2011 WL 5513204, *3 (S.D. Ill. Nov. 11, 2011) (finding a question "contestable" because "various federal

courts (district and appellate) have followed different paths and reached opposite conclusions" on an issue). As the Court addressed in its previous Memorandum Opinion, the issue of the "no duty" rule following *O'Melveny* has not been addressed by other circuit courts, but a significant split of opinion exists in various district courts nationwide. *See* Feb. 13, 2013 Mem. Op. at 9 (collecting cases). But district courts outside this circuit do not have the explicit holding of *Bierman* as their binding precedent, nor are they necessarily guided by rules similar to those in this circuit barring speculation as to whether appellate precedent has been abrogated. This Court has reasoned differently than another court in this district on the issue now before the Court, *see FDIC v. Spangler*, No. 10 C 4288, 2012 WL 5558941 (N.D. Ill, Nov. 15, 2012), but even that case denied the motion to strike without prejudice to be addressed again at a later stage in the litigation. Thus, while a close question, for all the reasons set forth in the original Memorandum Opinion, this issue is not contestable within the meaning of § 1292(b).

Even if the third factor were satisfied, the fourth factor - whether resolution of this issue will speed up the litigation - is simply not satisfied. Without an interlocutory appeal, this matter will continue without discovery into the FDIC's conduct, which in all likelihood would be extensive and costly. This case is therefore the opposite of the case cited by the *Ahrenholz* court as an example of the appropriate use of § 1292(b), *United Airlines v. Mesa Airlines*, 219 F.3d 605 (7th Cir. 2000). *Ahrenzholz* applauded the *United* district court for certifying an immediate appeal of a preemption issue, resolution of which could "head off protracted, costly litigation." *Ahrenholz*, 219 F.3d at 677 (discussing *United*). By contrast, the mitigation and comparative fault rulings go to the conduct of plaintiff FDIC, not the conduct of Defendants; liability of the Defendants remains fully at issue and an interlocutory appeal will not truncate litigation, much

less result in complete litigation. Under the present ruling, an additional section of the case has been closed and the present ruling ruling speeds up the course of this litigation; a reversal on appeal would significantly slow it. If, however, appeal is taken after final judgment pursuant to § 1291 and the affirmative defense ruling in this matter were to be reversed on final appeal, the case could then be reopened for additional discovery into the separate issue of the FDIC's conduct and could be tried sequential to the initial case solely with respect to any damage based in the conduct of the FDIC. Given that this Court's present ruling advances the course of the litigation, this Court heeds the *Ahrenholz* court's advice not to allow this case to now "grind to a halt" while an intermediate appeal is taken.

## CONCLUSION

For the reasons stated herein, FDIC's Motion to reconsider or certify for interlocutory appeal is denied.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: July 16, 2013